NOT DESIGNATED FOR PUBLICATION

Nos. 117,567
117,568

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY LEVI SMITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed November 17, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Casey Levi Smith appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences in two cases. We granted Smith's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed no response.

In 15CR209, Smith pled no contest to one count of distribution of methamphetamine and one count of aggravated endangering a child. On August 7, 2015, the district court imposed a controlling sentence of 23 months' imprisonment and placed Smith on probation for 18 months.

1

In 15CR351, Smith pled no contest to one count of an offender registration violation. On December 11, 2015, the district court sentenced Smith to 36 months' imprisonment and placed him on probation for 24 months. The district court ordered the sentences in the two cases to run consecutively.

At a hearing on February 10, 2017, Smith admitted to violating the conditions of his probation based on his conviction of a new crime:  failing to report as required by the Kansas Offender Registration Act. The district court revoked Smith's probation in each case and ordered him to serve his underlying prison sentences. Smith timely appealed. The cases have been consolidated on appeal.

On appeal, Smith claims the district court "erred in revoking his probation and in imposing the underlying prison sentence[s]." However, Smith acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

2

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

Here, the district court revoked Smith's probation after finding that he committed a new felony while on probation. Based on this finding, the district court was not required to impose an intermediate sanction in this instance. The district court's decision to revoke Smith's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Smith has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.

Affirmed.